OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



February 2, 2000

The Honorable James Warren Smith, Jr.
Frio County Attorney
500 East San Antonio Street, Box 1
Pearsall, Texas 78061-3100

Opinion No. JC-0175

Re: Whether a county may stripe and install speed bumps on county roads, and related questions (RQ-0112-JC)

Dear Mr. Smith:

A county commissioners court may establish on county roads a system of traffic-control devices that conforms to the Texas Manual on Uniform Traffic Control Devices for Streets and Highways, 1980 edition, as amended by Revision Number 6 (the "Manual"). *See* TEX. TRANSP. CODE ANN. § 251.155 (Vernon 1999); 43 TEX. ADMIN. CODE § 25.1 (1999) (Dep't of Transp., Traffic Operations). You ask whether a commissioners court may "lay center stripes on paved county roads," thereby allowing two-way traffic, and install speed bumps on county roads. *See* Letter from Honorable James Warren Smith, Jr., Frio County Attorney, to Attorney General of Texas, at 1 (Sept. 15, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. We conclude that center stripes and speed bumps, if they are used to regulate, warn, or guide traffic, are traffic-control devices that a county may install. Center stripes must conform to standards set out in the Manual. By contrast, because the Manual does not contain standards or guidelines regarding speed bumps, a county may, consistently with paragraph 1A-6 of the Manual, install a speed bump on a county road only if it has received permission to do so from the Texas Department of Transportation. *See* TEX. DEP'T OF TRANSP., 1980 TEXAS MANUAL ON UNIFORM TRAFFIC CONTROL DEVICES FOR STREETS AND HIGHWAYS [hereinafter "MANUAL"].

You ask both about county roads located without a municipality and those located within a municipality. *See* Request Letter at 1. If the county determines that a center stripe or a speed bump will improve the road and the municipal governing body approves the installation of the center stripe or speed bump, a county may lay a center stripe or construct a speed bump on a county road within a municipality. You finally ask whether the county may enforce violations of the center stripes or of a speed limit. *See id.* at 1. It may.

A county commissioners court is authorized to "regulate traffic on a county road." TEX. TRANSP. CODE ANN. § 251.151 (Vernon 1999); *accord Hoechst Celanese Corp. v. Compton*, 899 S.W.2d 215, 226-27 (Tex. App.–Houston [14th Dist.] 1994, writ denied). In particular, a local authority, such as a county, *see* TEX. TRANSP. CODE ANN. § 541.002(3)(A) (Vernon 1999), may, with

respect to a county road and within "the reasonable exercise of [its] police power," regulate traffic by placing "traffic-control devices." *Id.* § 542.202(a); *see also id.* § 544.002(b) (authorizing local authority to place and maintain traffic-control device on county road). An official traffic-control device is:

> a sign, signal, marking, or device that is:
>
>> (A)   consistent with this subtitle;
>>
>> (B)   placed or erected by a public body or officer having jurisdiction; and
>>
>> (C)   used to regulate, warn, or guide traffic.

*Id.* § 541.304(1). A county's system of traffic-control devices "must conform to the manual and specifications of the Texas Department of Transportation." *Id.* § 251.155(b). The Department of Transportation has adopted the Manual, as revised, to supply specifications. *See* 43 TEX. ADMIN. CODE § 25.1(a) (1999) (Dep't of Transp., Traffic Operations).

We believe both a center stripe and a speed bump may be "used to regulate, warn, or guide traffic" and may, therefore, be traffic-control devices. *See* TEX. TRANSP. CODE ANN. § 541.304(1)(C) (Vernon 1999). Whether, in a particular situation, either technique will be so used is a question of fact that must be determined in the first instance by the county commissioners court. *See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (stating that question of fact is beyond purview of this office); JC-0027 (1999) at 3 (stating that attorney general opinion cannot address questions of fact); JC-0020 (1999) at 2 (stating that attorney general opinion cannot investigate or resolve fact questions).

Assuming that a county commissioners court determines, with respect to a road over which it has jurisdiction, *see* TEX. TRANSP. CODE ANN. § 251.151 (Vernon 1999), that a center stripe or a speed bump will operate as a traffic-control device, the device must conform with the Manual. *See id.* §§ 251.155, 541.304(1); 43 TEX. ADMIN. CODE § 25.1 (Dep't of Transp., Traffic Operations) (1999). Of the two techniques about which you ask, the Manual provides specifications for the use and construction of center stripes only. *See* MANUAL, *supra,* at 3B-1. The Manual recommends that center stripes "be used on most paved roads." *Id.* In accordance with the Manual, the county's decision to lay center stripes at a particular location "should be made on the basis of an engineering study of the location." *Id.* at 1A-4. In addition, the county should refer to the Manual for width and pattern specifications. *See id.* at 3A-6.

Although the Manual does not describe speed bumps, *see* TEX. TRANSP. CODE ANN. § 251.155(b) (Vernon 1999) (stating that county's system of traffic-control devices "must conform

to the manual and specifications of the Texas Department of Transportation"), a county may install speed bumps if it receives express permission from the Department of Transportation to do so, in accordance with Manual procedures. Section 1A-6 of the Manual authorizes a county to request permission from the Department of Transportation to install a control device not described in the Manual: "Requests for any change, interpretation or permission to experiment should be sent to the Texas Department of Transportation, Traffic Operations Division for coordination with the Federal Highway Administration." MANUAL, *supra*, § 1A-6. A "change includes consideration of new devices to replace a present standard device [or] additional devices to be added to the list of standard devices." *Id.* § 1A-6(1). A request to experiment may include "consideration of testing or evaluating a new traffic control device, its application or manner of use." *Id.* § 1A-6(3). Accordingly, a county may construct a speed bump as a traffic-control device if the Department of Transportation has approved the proposal. *See also* TEX. TRANSP. CODE ANN. § 201.803(d) (Vernon 1999) (stating that Texas Department of Transportation is available to consult with county officials).

Assuming that a county generally is authorized by statute to lay center stripes or to install speed bumps on county roads in accordance with the Manual, we consider whether the county may do so on portions of county roads within the bounds of a municipality. Section 251.012 of the Transportation Code authorizes a county commissioners court to spend county money to improve or maintain a street that is located in a municipality, provided that the municipality's governing body approves. *See* TEX. TRANSP. CODE ANN. § 251.012(a) (Vernon Supp. 2000); *see also* Tex. Att'y Gen. Op. No. JC-0036 (1999) at 6 (stating that expenditure of county funds to improve city street that is integral part of county roads serves public purpose). If a county commissioners court finds that laying a center stripe or erecting a speed bump improves a road in a particular situation, section 251.012 authorizes a county to perform that improvement on that portion of a county road located within a municipality if the municipal governing body approves. Whether laying a center stripe or installing a speed bump is in fact an improvement is a question of fact that cannot be ascertained in the opinion process. *See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (stating that question of fact is beyond purview of this office); JC-0027 (1999) at 3 (stating that questions of fact cannot be addressed in attorney general opinion); JC-0020 (1999) at 2 (stating that attorney general opinion cannot investigate or resolve fact questions).

Finally, we conclude that a county may enforce violations of a driver's failure to drive in a single lane where the road has a center stripe or violations of a speed limit. The commissioners court's authority to "regulate traffic on a county road," *see* TEX. TRANSP. CODE ANN. § 251.151 (Vernon 1999), encompasses the authority to enforce violations of county regulations. *Cf.* Tex. Att'y Gen. LO-95-064, at 2 (concluding that county has no authority to set or enforce speed limits on subdivision roads not accepted into county road system); XIII OXFORD ENGLISH DICTIONARY 524 (2d ed. 1989) (defining "regulate").

## S U M M A R Y

A county may lay center stripes on county roads in accordance with the Texas Manual on Uniform Traffic Control Devices for Streets and Highways, 1980 edition, as amended by Revision Number 6 (the "Manual"). A county may install a speed bump on a county road if it has received permission to do so from the Texas Department of Transportation.

A county may lay a center stripe or place a speed bump on a portion of county road that is located within a municipality in accordance with the Manual if the county determines that the center stripe or speed bump is an "improvement" to the road and if the municipal governing body approves. A county may enforce violations of a center stripe or of a speed limit.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee